IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Timothy J. Simmons,

    Plaintiff,

v.                                      No.

Northeast Illinois Regional
Commuter Railroad Corporation
d/b/a Metra, a corporation,               TRIAL BY JURY DEMANDED

    Defendant.

COMPLAINT

The plaintiff, Timothy J. Simmons, by his attorney, F. Daniel Petro, complaining of defendant, Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, a corporation, hereinafter referred to as Metra, says:

1. The defendant, Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States and with its principal offices located in Chicago, Cook County, Illinois.

2. The plaintiff, Timothy J. Simmons, is a resident of Arlington Heights, Cook County, Illinois.

3. Jurisdiction of this court is invoked pursuant to the provisions of Title 45 U.S. Code Sec 56 and Title 28 U.S. Code Sec 1331.

4. Venue for this cause of action exists in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 45 U.S. Code Sec 56 and

28 U.S. Code Sec 1391(b).

5. At the time of the accident and injury alleged herein plaintiff was employed by defendant as a Locomotive Engineer, and his duties as such were in furtherance of interstate commerce for defendant.

6. At said time both plaintiff and defendant were subject to the Act of congress known as the Federal Employers' Liability Act, 45 U.S. Code sec. 51-60, and amendments thereto.

7. That on or about March 30, 2016, plaintiff was injured operating defendant's locomotive on its Milwaukee District Line in Chicago, Cook County, Illinois. It was raining.

8. The rain obstructed plaintiff's view so he activated the windshield wipers of the locomotive. The windshield wipers failed to operate properly by continually becoming stuck.

9. The windshield wipers have a manual release located inside of the cab. As plaintiff operated the manual release, the wiper mechanism broke free causing injury to plaintiff.

10.. Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of defendant's business

11. At the time and place aforesaid, the Defendant had a duty under the Federal Employer's Liability Act, 45 U.S. Code Sec 51 et. seq. to provide plaintiff with a reasonably safe place to work and to provide reasonable safe tools and equipment to perform his work..

12. At the time and place aforesaid, the Defendant had a duty under the Federal Employer's Liability Act, 45 U.S. Code Sec. 51 to comply with the Code of Federal Regulations, 49 C.F. R Sec 229, et seq., -Locomotive Safety Standards.

13. At the time and place aforesaid, the Defendant had a duty under the Federal Employer's Liability Act, 45 U.S. Code Sec 51 to comply with the Federal Safety Locomotive Inspection Act, 49 U.S. Code Sec. 20701, et. seq. – Requirements of Use.

14. Defendant at the time and place alleged, notwithstanding its duties to plaintiff, was negligent in one or more of the following particulars and thereby caused, in whole or in part, injury to plaintiff:

a) In failing to inspect its locomotive windshield wipers and mechanisms when a reasonable inspection would have disclosed windshield wipers failed to operate properly.
b) In failing to maintain windshield wiper and mechanism in a reasonably safe condition.
c) In failing to repair windshield wiper in a timely manner.
d) In failing to service windshield wiper and mechanism.
e) In failing to warn plaintiff of defective windshield wiper.
f) In allowing a locomotive to be used on its line that was not safe to operate without unnecessary danger of personal injury.
g) In failing to comply with the applicable provisions of the Code of Federal Regulations, 49 CFR Part 229, Locomotive Safety Standards.
h) In failing to comply with Code of Federal Regulation 49 CFR Part 229.119(b).
i) In failing to comply with the requirements of the Federal Locomotive Inspection Act, 49 U.S. Code Sec. 20701, et. seq.,

15. Plaintiff sustained personal injuries, disability, pain and suffering, medical expense, wage loss, loss of earning capacity, loss of fringe benefits, and other recoverable damages supported by the evidence and permitted by law, resulting in whole or in part from one or more of the negligent and unlawful acts and omissions of defendant.

WHEREFORE, the plaintiff, Timothy J. Simmons, seeks judgment against Defendant, Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra, in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever amount the Court and Jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages as permitted by law.

    s/sF. Daniel Petro
    F. Daniel Petro

PETRO LAW FIRM
1 N. LaSalle Street
Suite 3150
Chicago, Ill. 60602
312-332-9596
Dpetro3259@aol.com
Attorneys for Plaintiff